UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HARVEY TURNER, #17391-424,

    Petitioner,

v.                                                    No. 2:17cv216

ERIC WILSON, *Warden*,
*Federal Correctional*
*Institution Petersburg*,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner Harvey Turner, a federal inmate incarcerated in Petersburg, Virginia, was convicted in 2005, in the Northern District of Illinois of various gun and drug-related crimes. At sentencing, he was found to be a career offender, and the guideline calculation for his sentence was adjusted upwards accordingly. He is currently serving a total of 292 months in prison. He filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking a recalculation of his sentence, a resentencing hearing, or his release from prison. (ECF Nos. 1, 3). His petition argues that, following the Supreme Court's decision in Mathis v. United States, 136 S. Ct 2243, 2243-71 (2016), he is no longer eligible for career offender status and that his sentence was therefore wrongly enhanced. Respondent has moved to dismiss the petition. (ECF No. 8). Because

Turner's petition fails to state a retroactive change in the law that would make innocent the conduct underlying his conviction, the court should DISMISS Turner's petition under § 2241 for lack of jurisdiction.

I. **STATEMENT OF THE CASE**

Turner pled guilty in 2005 in the United States District Court for the Northern District of Illinois to charges of unlawful possession of a firearm by a felon, possession of a controlled substance—specifically, crack cocaine—with intent to deliver, and possession of a firearm in relation to a drug trafficking crime. See Turner v. Wilson, No. 2:14CV597, 2015 WL 6693079, at *2 (E.D. Va. Oct. 28, 2015) (dismissing Turner's most recent federal habeas filing in this court). The district court found during sentencing that Turner qualified as a career criminal under § 4B1.1(a) of the Sentencing Guidelines[1] and that his guideline range for imprisonment should therefore be adjusted up to 292 to 365 months. Id. Turner, through his attorney, agreed that the enhancement should apply to him. Id. The court sentenced Turner to 292 months' imprisonment. Id.

Turner unsuccessfully appealed his sentence to the United States Court of Appeals for the Seventh Circuit. Id. He then moved in the sentencing court under 28 U.S.C. § 2255 to vacate,

---
[1] The court based its determination on Turner's previous convictions for aggravated battery, aggravated discharge of a firearm, and unlawful delivery of a controlled substance. Turner, 2015 WL 6693079, at *2.

2

set aside, or correct his sentence. Id. He alleged his counsel had been ineffective and that the sentencing court's determination that he qualified for sentence enhancement as a career criminal was due to incorrect information. Id. The district court dismissed the motion on the grounds that Turner had not challenged his career offender status during his appeal to the Seventh Circuit. Id. The Seventh Circuit upheld the dismissal of Turner's motion. Id.

This court has previously catalogued the series of post-conviction petitions, appeals, and motions for relief Turner sought after the dismissal of his first § 2255 motion. Id. at *2-*3. In his last § 2241 petition to this court, Turner again challenged his sentence because of the sentencing court's determination of his career offender status, this time claiming support from Johnson v. United States, 135 S. Ct. 2551, 2551-84 (2015). Turner, 2015 WL 6693079, at *3. This court dismissed his petition for lack of jurisdiction. Id. at *1, *7.

Turner later twice moved in the Seventh Circuit for leave to file a second motion for relief under § 2255. That court dismissed both motions because the Johnson case would not have affected the sentencing court's finding that Turner was a career criminal. Order, Turner v. United States, No. 15-3006 (7th Cir. October 13, 2015); Order, Turner v. United States, No. 16-2144

3

(7th Cir. June 14, 2016).

Turner remains incarcerated at Federal Correctional Institution Petersburg in the Eastern District of Virginia. See 28 U.S.C. § 127; Am. Pet. at 1 (ECF No. 3). He brings the present petition under 28 U.S.C. § 2241. Pet. at 1-2 (ECF No. 1). He argues his sentence has been made improper by the Supreme Court's holding in Mathis, 136 S. Ct at 2243-71. See Pet. at 5 (ECF No. 1). He argues Mathis announced a new rule of constitutional law that made the sentencing court's enhancement of his sentence unlawful and that he therefore qualifies for relief under § 2241. Id. at 10-12.

## II. ANALYSIS

### a. The savings clause in § 2255 of the Habeas Corpus Statute is narrowly construed.

Federal prisoners must ordinarily challenge their sentence by motion under 28 U.S.C. § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). Section 2255(h) prohibits successive motions for relief except in certain circumstances. See 28 U.S.C. § 2255(h). This gatekeeping provision, enacted with the Antiterrorism Effective Death Penalty Act ("AEDPA"),

4

limits successive motions to those that are timely and based upon either (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. United States v. Poole, 531 F.3d 263, 266 n. 4 (4th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

"[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241." In re Jones, 226 F.3d at 333 (quoting 28 U.S.C. § 2255(e)).[2] The Fourth Circuit has interpreted this so-called "savings clause" of § 2255 narrowly. Claims challenging the validity of a federal prisoner's conviction or sentence may be brought under § 2241 only when § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." § 2255(e).[3] And, § 2255 is inadequate or ineffective only when:

(1) at the time of conviction, settled law of [the

---

[2] Section 2255(e) provides:

> An application for a writ of habeas corpus [(§ 2241 petition)] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[3] Section 2255(e) limits the Court's jurisdiction to hear a § 2241 petition. See § 2255(e) ("An application for a writ of habeas corpus . . . shall not be entertained . . . .") (emphasis added); Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[T]he district court lacked jurisdiction over the Habeas Motion because Rice is unable to satisfy the second prong of the Jones rule.").

5

>     Fourth Circuit] or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Importantly, the savings clause in § 2255 is available only to those alleging "actual innocence of the underlying offense of conviction." Darden v. Stevens, 426 F. App'x 173, 174 (4th Cir. 2011) (unpublished); see In re Jones, 226 F.3d at 333-34 ("such that the conduct of which the prisoner was convicted is deemed not to be criminal" (emphasis added)); United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). While petitions under § 2241 may be used to challenge the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), challenges to the validity of a federal sentence must fit within the Fourth Circuit's limited view of the savings clause articulated in In re Jones. Turner's challenge does not.

**b. Turner's Petition fails to meet the In re Jones test because he alleges no retroactive change in constitutional law that would affect the legality of his conviction.**

Turner urges the court to consider his petition because, under Mathis, his sentence should not have been enhanced due to his previous convictions. Pet. at 5 (ECF No. 1). More is required to fit within § 2255's savings clause. As explained above, the Fourth Circuit has made clear the district courts only have jurisdiction to hear § 2241 petitions when the law has changed to make the conduct underlying a conviction no longer criminal. See In re Jones, 226 F.3d at 333-34; see also San-Miguel v. Dove, 291 F.3d 257, 261 n. 2 (4th Cir. 2002) (noting that a new rule from the Supreme Court changing sentencing procedures is not grounds for habeas relief under § 2241 because such a change does not make the behavior underlying the conviction non-criminal). Turner has cited no change in the law that would make innocent the conduct underlying his conviction.[4] He merely alleges that his sentence would have been calculated

---

[4] Respondent argues persuasively that Mathis did not actually announce a new rule of constitutional law made retroactive on collateral review. Resp't's Br. at 3-7 (ECF No. 8) (citing Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (Mathis did not announce a new rule of constitutional law made retroactive on collateral review); United States v. Taylor, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (same). Because Turner has not argued that the alleged change in the law announced in Mathis would have rendered the conduct underlying his conviction non-criminal, this court lacks jurisdiction over the petition in any event. The court also lacks jurisdiction to rule on Respondent's assertion that Turner is time-barred from seeking permission from the Seventh Circuit to file a successive motion for relief under § 2255.

differently after Mathis. He thus fails to meet the second of the In re Jones elements, which requires that the "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." See id. at 334. Because he has not presented a change in the law that would render the conduct underlying his conviction non-criminal, this court lacks jurisdiction to consider his claim under § 2241. Accordingly, Turner's petition should be DISMISSED.

### III. RECOMMENDATION

Because Turner's petition does not allege a claim cognizable under 28 U.S.C. § 2241, the Court lacks jurisdiction to reach the merits of his claim. Accordingly, the court RECOMMENDS the Petition (ECF Nos. 1, 3) be DISMISSED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a

copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

Failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

November 13, 2017

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Harvey Turner
#17391-424
F.C.I. Petersburg Low
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, VA 23804

William B. Jackson
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

November 13, 2017